UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUGUSTUS GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-04046-TWP-DLP |
| | ) | |
| CARNES, | ) | |
| COMIA, | ) | |
| UNKNOWN NURSE I, | ) | |
| UNKNOWN NURSE II, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at Plainfield Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II.
## The Complaint

The complaint alleges that plaintiff Augustus Gaines has a rare bone disease. During all times relevant to the complaint, Mr. Gaines was an inmate at the Marion County Jail I. On or about December 20, 2016, his walker was broken due to no fault of his own. Mr. Gaines sought to have his walker replaced or fixed without success. On December 26, 2016, Mr. Gaines fell as a result of the faulty walker. He was unable to right himself. In response, defendants Officer Carnes and Officer Comia allegedly dragged and kicked Mr. Gaines into his cell. Unknown nurses failed to intervene. On January 17, 2017, Mr. Gaines submitted a healthcare request complaining of pain from the accident. He was denied medial attention to treat the injuries resulting from the fall. Mr. Gaines seeks money damages.

## III.
## Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, claims against the unknown nurse defendants are dismissed for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)

(internal citations omitted). If through discovery, Mr. Gaines is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

Second, there is no independent claim for relief based on a theory of outrageous conduct.

The claim of excessive force against Officer Carnes and Officer Comia shall proceed under the Eighth or Fourteenth Amendment. Mr. Gaines shall have **through April 22, 2019**, in which to report whether he was a pretrial detainee or a convicted prisoner in December of 2016. This is relevant because Mr. Gaines' constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, ⎯⎯ U.S. ⎯⎯, 135 S.Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. Aug. 10, 2018) (applying objective unreasonableness inquiry to pretrial detainee's medical care claim). There are no factual allegations that suggest that either Officer Carnes or Officer Comia was responsible for the failure to replace or fix Mr. Gaines' walker or that they were in a position to provide him with the medical care he sought.

The claim of excessive force against Officer Carnes and Officer Comia is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 22, 2019,** in which to identify those claims. The **clerk is directed** to terminate the unknown nurses as defendants on the docket.

### IV.
### Service of Process

The clerk is directed pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer Carnes and Officer Comia in the manner specified by Rule 4(d). Process shall consist of the

complaint filed on December 26, 2018, (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 3/25/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUGUSTUS GAINES
104530
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Officer Carnes – EMPLOYEE
40 S. Alabama Street
Indianapolis, IN  46204

Officer Comia – EMPLOYEE
40 S. Alabama Street
Indianapolis, IN  46204